Alexander Chananau, J.
This is a motion for orders precluding the People from using information obtained from *206 defendant’s alibi witnesses, purging such information from the District Attorney’s file; requiring the assignment of another Assistant District Attorney to the case; prohibiting the relieved assistant from discussing the case; and for a further order compelling the People to turn over to the defendant all copies and records of statements made by defendant’s alibi witnesses. The motion is denied in all respects, except that the District Attorney is directed to furnish a copy to defense counsel of any statement obtained from defendant’s alibi witnesses.
Defendant’s contention is correct in that the Court of Appeals in People v. Bush (33 N Y 2d 921) pursuant to Wardius v. Oregon (412 U. S. 470) declared New York’s notice-of-alibi statute (CPL 250.20) unconstitutional. However, the relief defendant seeks here is contrary to that decision. The court there stated, “ On the basis of this evaluation we hold that Wardms and our present decision shall apply to cases in which the trial began after June 11, 1973, the date of the Supreme Court decision in Wardms [citing cases], but shall not apply to cases where the trial began prior to that date, unless, as occurred in Wardms but unlike the situation here, the rule was applied to prevent a defendant from introducing testimony to support his lalibi defense as a sanction for his failure to comply with the notice-of-alibi statute.” (Emphasis supplied.)
Due to Wardius and Bush, the defendant in this and all other cases, whose trials commence after June 11, 1973 cannot be precluded from introducing alibi witnesses’ testimony for failure to serve a “ notice-of-alibi In this trial, the defense as it sees fit, has the right to call alibi witnesses and therefore is not prejudiced by the former lack of reciprocity of CPL 250.20.
Essentially, what the defendant requests here is suppression of any oral or written statements obtained by the People from his alibi witnesses because their names were disclosed in compliance with a section of the Criminal Procedure Law subsequently deemed unconstitutional. In other words, he seeks to prohibit the introduction, for impeachment purposes, of prior inconsistent statements should he call his alibi witnesses.
Were this court to grant defendant’s motion in this regard, it would contradict the rationale of Harris v. New York (401 U. S. 222) and People v. Kulis (18 N Y 2d 318).
In Harris the United States Supreme Court held a statement obtained in violation of the rules set forth in Miranda v. Arizona (384 U. S. 436) may not be introduced in the People’s case in chief, but may be utilized for purposes of impeaching the witness’ credibility.
*207 Kulis, a New York State Court of Appeals decision, stands for the proposition that an illegally obtained statement is suppressible for purposes of the case in chief but not for purposes of impeachment when the statement is contradictory to the declarant’s testimony.
Both Harris and Kulis cite Walder v. United States (347 U. S. 62). Perhaps, the most succinct summary of the court’s reasoning is stated in Walder as follows (p. 65): “ It is one thing to say that the Government cannot make an affirmative use of evidence unlawfully obtained. It is quite another to say that the defendant can turn the illegal method by which evidence in the Government’s possession was obtained, to his own advantage, and provide himself with a shield against contradiction of his- untruths. Such an extension of the Weeks doctrine would be a perversion of the Fourth Amendment * * *
“ There is hardly justification for letting the defendant affirmatively resort to perjurious testimony in reliance on the Government’s disability to challenge his credibility.”
Certainly, if evidence obtained illegally is not suppressible for impeachment purposes, so too, in this case, should not similar treatment be accorded evidence obtained in good faith during a period just prior to the declaration of the statute’s unconstitutionality? This court holds it should and therefore the motion is denied in all respects except that under the circumstances, defense counsel shall receive a copy of any statement obtained by the District Attorney from the alibi witnesses whose names were supplied by defense counsel pursuant to CPL 250.20.